UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CURTIS REDDICK,<br><br>    Plaintiff,<br><br>    v.<br><br>YALE UNIVERSITY,<br>THE FEDERATION OF UNIVERSITY<br>EMPLOYEES, LOCAL 35, UNITE HERE,<br>AFL-CIO and MEG RICCIO,<br><br>    Defendants. | Case No. 3:13 Civ. 01140 (WWE)<br><br><br><br><br><br><br><br><br><br>March 15, 2014 |

**AFFIDAVIT OF BROCK T. DUBIN IN SUPPORT OF**
**DEFENDANT YALE UNIVERSITY'S MOTION FOR SUMMARY JUDGMENT**

I, Brock T. Dubin, upon my oath, depose and state as follows:

1. I am over the age of eighteen years and believe in the obligation of an oath.

2. I am a member of the Bar of this Court and a partner with the law firm of Donahue, Durham & Noonan, P.C., attorneys for the defendant, Yale University ("Yale"). I am fully familiar with the facts and circumstances surrounding this action. I submit this affidavit of my personal knowledge in support of Yale's Motion for Summary Judgment.

3. Annexed hereto as Exhibit 1 is a true and correct copy of the operative Complaint in this action filed by the plaintiff, Curtis Reddick, on August 8, 2013.

4. Annexed hereto as Exhibit 2 is a true and correct copy of the 2002 Collective Bargaining Agreement between Yale and the defendant, The Federation of University Employees, Local 35, UNITE HERE, AFL-CIO ("Local 35").

5. Annexed hereto as Exhibit 3 is a true and correct copy of an excerpt of the Memorandum of Agreement dated April 16, 2009 between Yale and Local 35.

6. The deposition of Mr. Reddick occurred on June 13, 2012 and continued on September 11, 2014 and September 30, 2014. Annexed hereto as Exhibit 4 is a true and correct copy of those portions of the transcript of Mr. Reddick's deposition cited in Yale's Local Civil Rule 56(a)1 Statement of Material Facts and Memorandum of Law in Support of Motion for Summary Judgment.

7. Annexed hereto as Exhibit 5 is a true and correct copy of the job description and requisition form for the Senior Custodian position.

8. Annexed hereto as Exhibit 6 is a true and correct copy of Plaintiff's Responses to Defendant Local 35's First Set of Interrogatories and Requests for the Production of Documents dated December 19, 2013.

9. Annexed hereto as Exhibit 7 are true and correct copies of nine Application for Leave of Absence forms pertaining to Mr. Reddick's approval for family medical leave.

10. Annexed hereto as Exhibit 8 is a true and correct copy of Yale's Amended Answer and Special Defense filed in this action on November 1, 2013.

11. Annexed hereto as Exhibit 9 is a true and correct copy of the Memorandum of Agreement dated April 13, 2009 between Yale and Local 35.

12. Annexed hereto as Exhibit 10 is a true and correct copy of the Custodial Team Leader job description dated June 9, 2009.

13. Annexed hereto as Exhibit 11 is a true and correct copy of a memorandum to "All Local 35 Employees" concerning "Custodial Team Leader Position Information Sessions."

14. Annexed hereto as Exhibit 12 is a true and correct copy of Local 35's Objections and Responses to Plaintiff's First Set of Interrogatories and Production Requests dated January 14, 2014.

15. Annexed hereto as Exhibit 13 is a true and correct copy of Yale's response dated September 30, 2011 to the Amended Affidavit of Illegal Discriminatory Practice filed by Mr. Reddick in the Connecticut Commission on Human Rights and Opportunities (the "CHRO") on September 1, 2011 (without exhibits). Mr. Reddick filed his initial complaint in the CHRO on August 11, 2011. The factual assertions set forth in Yale's response were verified by Robert Young, Director Facilities Operations at Yale.

16. Annexed hereto as Exhibit 14 is a true and correct copy of the Custodial Team Leader Education & Development Schedule for Monday, July 27 to Friday, August 7, 2009.

17. Annexed hereto as Exhibit 15 is a true and correct copy of an email from Kara Tavella to Brian Wingate regarding Mr. Reddick dated September 29, 2011.

18. Annexed hereto as Exhibit 16 is a true and correct copy of Yale's Responses to Plaintiff's First Set of Interrogatories and Production Requests dated February 24, 2014.

19. Annexed hereto as Exhibit 17 is a true and correct copy of a letter from Attorney Eugene Axelrod to Yale dated December 2, 2009.

20. Annexed hereto as Exhibit 18 is a true and correct copy of a letter from Attorney Caroline Hendel to Attorney Axelrod dated January 4, 2010.

21. Annexed hereto as Exhibit 19 is a true and correct copy of a letter from Marliena Stephens, Superintendent, Facilities Operations at Yale to Mr. Reddick dated January 19, 2010.

22. Annexed hereto as Exhibit 20 is a true and correct copy of an email from Erika Reilly to, among others, Mr. Reddick dated March 4, 2010.

23. Annexed hereto as Exhibit 21 is a true and correct copy of the requisition form for the Custodial Team Leader position posted on July 21, 2010.

24. Annexed hereto as Exhibit 22 is a true and correct copy of Mr. Reddick's reply, dated November 3, 2011, to Yale's response to Mr. Reddick's Amended Affidavit of Illegal Discriminatory Practice (without exhibits).

25. Annexed hereto as Exhibit 23 is a true and correct copy of an email from Erika Reilly to others dated September 7, 2010 regarding "starts tomorrow 9/8/ CTL INTERVIEWS."

26. Annexed hereto as Exhibit 24 are true and correct copies of 18 letters sent by Yale's Office of Facilities to, among others, Mr. Reddick dated September 27, 2010.

27. Annexed hereto as Exhibit 25 is a true and correct copy of an Out of Work/School Note dated March 23, 2011.

28. Annexed hereto as Exhibit 26 is a true and correct copy of an Out of Work/School Note dated April 11, 2011.

29. Annexed hereto as Exhibit 27 is a true and correct copy of Grievance No. 7203 dated April 14, 2011.

30. Annexed hereto as Exhibit 28 is a true and correct copy of an Out of Work/School Note dated May 2, 2011.

31. Annexed hereto as Exhibit 29 is a true and correct copy of Mr. Reddick's initial Affidavit of Illegal Discriminatory Practice filed with the CHRO on August 11, 2011.

32. Annexed hereto as Exhibit 30 is a true and correct copy of the Yale Office of Equal Opportunity Programs pamphlet entitled "Employment Accommodation Program for Persons with Disabilities."

33. Annexed hereto as Exhibit 31 are true and correct copies of unreported decisions cited in Yale's Memorandum of Law in Support of Motion for Summary Judgment filed concurrently herewith.

Dated: Guilford, Connecticut
      March 15, 2015

_____
Brock T. Dubin

STATE OF CONNECTICUT    )
                                    ) ss. Guilford
COUNTY OF NEW HAVEN    )

Subscribed and sworn to before me this 15th day of March, 2015

_____
James D. Flynn
Commissioner of the Superior Court

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Affidavit of Brock T. Dubin in Support of Defendant Yale University's Motion for Summary Judgment was filed electronically. Notice of this filing was sent by email to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                     /s/ Brock T. Dubin
                                                     BROCK T. DUBIN