## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

_____
:
CURTIS REDDICK,                          :        CIVIL ACTION NO.
                                         :        3:13-cv-01140 (RNC)
            Plaintiff,                   :
v.                                       :
                                         :
YALE UNIVERSITY,                         :
THE FEDERATION OF UNIVERSITY             :
EMPLOYEES, LOCAL 35, UNITE               :
HERE, AFL-CIO and                        :
MEG RICCIO                               :
                                         :
            Defendants.                  :        December 19, 2013
_____:

### PLAINTIFF'S RESPONSES TO DEFENDANT LOCAL 35'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR THE PRODUCTION OF DOCUMENTS

### INTERROGATORIES

1.      Please identify by diagnosis and/or medical description, each and every disability or chronic medical impairment that the plaintiff contends he has, and describe specifically how each such disability or impairment impacts his ability to perform major life activities as claimed in his complaint.  Please identify any documents, including but not limited to medical records, notes and reports, which relate to or support the plaintiff's claims that he has such a disability or impairment, and/or that the disability impairs his ability to perform major life activities.

**OBJECTION:**

Plaintiff objects to this interrogatory because it is overly broad, unduly burdensome, and better left to medical professionals to answer within medical documentation and/or deposition testimony of medical providers and/or the Plaintiff.

RESPONSE:

Without waiving this objection, Plaintiff refers Defendant to his initial discovery protocols and medical documents submitted as Medicals 2008, 2009, 2010 and 2011.  Plaintiff further avers that those documents indicate that Plaintiff suffers from the following disabilities:

Seizure
Pancreatitis
Muscle Spasm
Chronic abdominal pain

Plaintiff is currently in the process of obtaining complete and up to date medical records and will supplement this response upon receipt of those documents, including providing testimony regarding this same issue at time of deposition.


2.      For each alleged disability or chronic physical impairment identified in response to

Interrogatory Number 1, please identify each and every medical provider from whom the

plaintiff has sought treatment, care, consultation or advice since 2008, and please

identify all documents related to this treatment, care, consultation or advice, including but

not limited to any medical records, reports, notes, test results and bills.

**OBJECTION:**

Plaintiff objects to this interrogatory because it is overly broad, unduly burdensome and oppressive.  Plaintiff further objects as Defendant is already in possession of this information as it has been by the Plaintiff within Plaintiff's compliance with the Initial Discovery Protocols.


**RESPONSE:**

Without waiving this objection, please refer to Interrogatory No. 1.

3.      If the plaintiff contends that he was retaliated against for exercising rights

protected under the FMLA, please state each and every act which the plaintiff contends

constitutes his exercise of such rights, including the date of each such act.   Please

identify any documents supporting or relating to the plaintiff's claims that he exercised

rights under the FMLA, and was retaliated against for such exercise of rights.

**OBJECTION:**

Plaintiff objects to this interrogatory because it is overly broad, unduly burdensome and
not specific to any time period.

**RESPONSE:**

Without waiving the above objection, the Plaintiff contends that via grievance, he brought
his FMLA violation concerns to the attention of the Defendant on 11/13/2009,  wherein
he filed two grievances on discrimination after he was counseled for his FMLA absences
by Defendant Yale.  Defendant knew Plaintiff had qualified for FMLA and instead of
taking remedial action, retaliated, aided and abetted Defendant Yale in their
discriminatory action by refusing to pursue Plaintiff's grievances and informing Plaintiff
that because he had an attorney, the Union could not and would not help him.  Plaintiff
filed a subsequent grievance after he returned from an FMLA leave and was advised by
Defendant Yale that he was being re-assigned from his position and assigned to washing
windows.  Defendant aided and abetted Defendant Yale in their actions and in retaliation,
refused to process Plaintiff's grievance.  On April 7, 2011, Plaintiff was advised by
Defendant Yale that he was no longer permitted to work while he was on restrictions,
which were part of his intermittent FMLA leave.  Defendant aided and abetted Defendant
Yale in their discriminatory action and retaliated by refusing to process Plaintiff's
grievance.  In September, 2010, Defendant became aware that Plaintiff, due to his FMLA
leave and disability, was unable to complete a day of training for placement into a Team
Leader position.  Defendant knowingly refused to allow Plaintiff the ability to complete
that training and ultimately discriminated and retaliated against Plaintiff for the use of
FMLA leave time.  Defendant, including Defendant Riccio were placed on notice of each
of these instances via the filing of Plaintiff's grievances, by way of telephone
conversations, during union meetings and during Plaintiff's interview meetings to which
Meg Riccio was present.  Other individuals were privy to these actions, including
Defendant Union Representative Donald Spencer and James Carr.  Plaintiff reserves the
right to supplement this Interrogatory with a further written response and/or via
deposition testimony.

4.      For each act identified in response to Interrogatory Number 3, please state

whether or not the plaintiff contends that Defendants Local 35 and/or Riccio knew of the

protected activity and, if so, please describe the plaintiff's understanding as to how  each

defendant learned of the allegedly protected activity, including but not limited to the

person or persons who were aware of each activity, and the date each allegedly became

aware.  Please identify any documents supporting or relating to the plaintiff's claims that

the defendants were aware of the plaintiff's protected activity.


**OBJECTION:**

Refer to Interrogatory No. 3.  Plaintiff further objects on the basis that the information
sought in this Interrogatory is equally available to the propounding party.

**RESPONSE:**

Without waiving this objection, refer to Interrogatory No. 3.  Plaintiff has already
produced all documents currently in his possession and will supplement any future
documents he may obtain.  Plaintiff reserves the right to supplement this Interrogatory
with a further written response and/or via deposition testimony.

5.      In paragraph 97 of the Complaint, the plaintiff alleges that at all relevant times

defendant Local 35,  "had actual knowledge of the plaintiff's chronic physical medical

impairment and resultant limitations to one or more of plaintiff's major life activities and/or

bodily functions".  Please state the factual basis for this allegation, including but not

limited to how Local 35 allegedly learned of each impairment, limitation to major life

activities and/or bodily function, which specific person or persons at Local 35 allegedly

had such information, and when and how each such person or persons allegedly learned

of each impairment and limitation.  Please identify any documents supporting or relating

to the plaintiff's claims that defendant Local 35 had such knowledge.

**OBJECTION:**

Plaintiff objects to this interrogatory because it is overly broad, unduly burdensome and
better answered during deposition testimony.  Plaintiff further objects on the basis that
the information sought in this Interrogatory is equally available to the propounding party
and the Interrogatory as written contains subparts which should have been separately
delineated.

**RESPONSE:**

Without waiving this objection, Plaintiff has already produced all documents currently in
his possession and will supplement any future documents he may obtain. Refer to
Interrogatory No. 3.  Plaintiff further avers that Defendant was aware of Plaintiff's chronic
medical impairments as it was knowledgeable that Plaintiff on one occasion was taken
from the workplace by ambulance.  It was further aware following the filing of several of
Plaintiff's grievances that indicated discrimination and/or adverse employment actions on
the basis of his disability, filed on 1/20/10, 11/13/2009, 9/1/2011, 9/8/2011, 10/10/2011
and 10/15/2011, all of which have been produced within Plaintiff's initial discovery
protocols.   Plaintiff reserves the right to supplement this Interrogatory with a further
written response and/or via deposition testimony.


6.    Please describe each and every communication that the plaintiff, or anyone acting

on his behalf, allegedly had with defendants Local 35 or Riccio, in which the plaintiff or

his representative complained of discriminatory or retaliatory treatment by the

defendants or by defendant Yale.  For each such communication, please state the date

and substance of the communication, who made the communication, to whom each was

made, the identity of any other persons who were present and/or with whom the

communications were shared, and the response, if any, of defendants Local 35 and/or

Riccio.

**OBJECTION:**

Plaintiff objects to this interrogatory because it is overly broad, unduly burdensome and better answered during deposition testimony.  Plaintiff further objects on the basis that the information sought in this Interrogatory is equally available to the propounding party and the Interrogatory as written contains subparts which should have been separately delineated.

**RESPONSE:**

Without waiving the above objection, refer to Interrogatory No. 3 and No. 5.  Plaintiff further provides that Union Representative Donald Spencer was in attendance when Plaintiff inquired into the status of his grievances on at least one occasion.  Plaintiff discussed his disabilities and the discriminatory actions of Defendant Yale towards his person with Meg Ryan during steward meetings on several occasions.  Plaintiff contacted Meg Ryan via voice mail and advised her following notification that he was not selected for the Team Leader position on or about September, 2010, that he was disappointed by her actions and he felt the process was discriminatory due to his disability.  Plaintiff had a meeting/interview a week prior to notification that he was not being promoted.  Present during that meeting/interview was Brian Wingate, Bob Young, Meg Ryan and another individual who was related to the program.  During that meeting, Plaintiff was advised that because he did not complete the training program, he could not be promoted.  Plaintiff requested the accommodation of being able to complete the last day of the training program, notifying all parties that the reason for his absence was disability related.  In response, Plaintiff received notification the following week that he was not selected for promotion.  Plaintiff has already produced all documents currently in his possession and will supplement any future documents he may obtain. Plaintiff reserves the right to supplement this Interrogatory including providing testimony regarding this same issue at time of deposition.  Further refer to Interrogatory No. 3 and NO. 5.


7.     If the plaintiff contends that he was unable to complete or attend training for the

Team Leader Program because of any disability or chronic physical medical impairment,

please state the exact date or dates that plaintiff contends that he was unable to attend

or complete training, the specific disability or impairment that allegedly caused him to

become unable to attend, how and why the disability or impairment impacted his ability

to attend, and please identify any medical evidence supporting or relating to his claim

that he was unable to attend or complete the training because of a disability or chronic

physical medical impairment.  Please identify any documents supporting or relating to

the plaintiff's claim he was unable to complete or attend training for the Team Leader

Program because of any disability or chronic physical medical impairment, including but

not limited to any medical records, reports, notes, test results, and bills.

## OJBECTION:

Plaintiff's objects to this production request as it is overly broad, unduly burdensome, is
not reasonably calculated to lead to the discovery of admissible evidence.  Without
waiving this objection, Plaintiff has already produced all documents currently in his
possession and will supplement any future documents he may obtain.  Plaintiff reserves
the right to supplement this Interrogatory including providing testimony regarding this
same issue at time of deposition.

## RESPONSE:

Without waiving the above objections, Plaintiff attended a supplemental training program
in March, 2010.  On March 19, 2010, Plaintiff was not feeling well.  He attended the last
day of the training and had brought with him his breathing machine.  During the training,
Plaintiff began to have a flare-up that included severe muscle spasms causing circulatory
and breathing problems.  Plaintiff was forced to leave the training to place himself on his
breathing machine.  Refer to Plaintiff's initial discovery protocols for his FMLA and
medical documentation to support his leave.  Plaintiff reserves the right to supplement
this Interrogatory including providing testimony regarding this same issue at time of
deposition.


8.      If the plaintiff contends that defendants Local 35 and/or Riccio were made aware

of the plaintiff's claim that he was unable to complete or attend training for the Team

Leader Program because of any disability or chronic physical medical impairment,

please state how Local 35 and/or Riccio were made aware of this claim, each specific

person or persons at Local 35 who allegedly was made aware, when each such person or persons was made aware, and please describe in detail the date and substance of any and all communications related to the plaintiff's claim that he was unable to complete or attend training for the Team Leader Training Program because of a disability or chronic physical medical impairment.  Please identify any documents supporting or relating to this answer.

## OBJECTION:

Plaintiff objects to this interrogatory because it is overly broad, unduly burdensome and better answered during deposition testimony.  Plaintiff further objects on the basis that the information sought in this Interrogatory is equally available to the propounding party and the Interrogatory as written contains subparts which should have been separately delineated.

## RESPONSE:

Without waiving this objection, refer to Interrogatory No. 3, 5, 6 and 7.  Plaintiff further avers that the following individuals knew of Plaintiff's departure from the training program on March 19, 2010; James Carr, and Vondene (last name unknown).  Refer to Plaintiff's initial discovery protocols for his FMLA and medical documentation to support his leave. Plaintiff reserves the right to supplement this Interrogatory including providing testimony regarding this same issue at time of deposition.

9.      In paragraph 38 of the Complaint, the plaintiff alleges that he was informed by both Yale and by defendant Local 35 that he would not be promoted because he had not completed the Team Leader Training Program.  Please state the factual basis for this allegation, including to but not limited to the date he was first so informed, what he was told, and which specific person or persons at Local 35 and/or Yale allegedly told him that he would not be promoted.  Please identify any documents supporting or relating to this Answer.

**OBJECTION:**

Plaintiff objects to this interrogatory because it is overly broad, unduly burdensome and better answered during deposition testimony.  Plaintiff further objects on the basis that the information sought in this Interrogatory is equally available to the propounding party and the Interrogatory as written contains subparts which should have been separately delineated.

**RESPONSE:**

Without waiving the above objection, refer to Interrogatory No. 3, No. 5, No. 6 and No. 7. Plaintiff further has produced all documents in his possession regarding notification that he was not being promoted. Plaintiff has already produced all documents currently in his possession and will supplement any future documents he may obtain. Plaintiff reserves the right to supplement this Interrogatory including providing testimony regarding this same issue at time of deposition.

10.     In paragraph 39 of the Complaint, the plaintiff alleges that he protested that he should not be penalized for his failure to complete the Team Leader Program Training. Please state the factual basis for this allegation, including to but not limited to the date of each protestation, the substance of every such protestation, and which specific person or persons at Local 35 and/or Yale the plaintiff allegedly spoke to about his claim that he should not be penalized for failing to complete the training.  Please identify any documents supporting or relating to this Answer.

**OBJECTION:**

Plaintiff objects to this interrogatory because it is overly broad, unduly burdensome and better answered during deposition testimony.  Plaintiff further objects on the basis that the information sought in this Interrogatory is equally available to the propounding party and the Interrogatory as written contains subparts which should have been separately delineated.

**RESPONSE:**

Without waiving the above objection, refer to Interrogatory No. 3, No. 5, No. 6 and No. 7. Plaintiff further has produced all documents in his possession regarding notification that he was not being promoted. Plaintiff has already produced all documents currently in his possession including his grievance of discrimination of 11/13/2009 and will supplement any future documents he may obtain. Plaintiff reserves the right to supplement this Interrogatory including providing testimony regarding this same issue at time of deposition.

11.     If  the plaintiff contends that he was denied reasonable accommodation for his

disability, please describe each and every request for accommodation, including but not

limited to the date of each request, the substance of every communication regarding

accommodation, each specific person or persons at Local 35 and/or Yale with whom the

plaintiff alleges he discussed his need for accommodation, and the identity of any person

or persons who allegedly denied such requests.  Please identify any documents

supporting or relating to this Answer, including but not limited to any medical records,

notes or other evidence indicating that such accommodation was necessary.

**OBJECTION:**

Plaintiff objects to this interrogatory because it is overly broad, unduly burdensome and better answered during deposition testimony.  Plaintiff further objects on the basis that the information sought in this Interrogatory is equally available to the propounding party and the Interrogatory as written contains subparts which should have been separately delineated.

**RESPONSE:**

Without waiving the above objection, refer to Interrogatory No. 3, No. 5, No. 6 and No. 7. Plaintiff further has produced all documents in his possession regarding notification that he was not being promoted. Plaintiff has already produced all documents currently in his possession including his grievance of discrimination of 11/13/2009 and will supplement

any future documents he may obtain. Plaintiff reserves the right to supplement this Interrogatory including providing testimony regarding this same issue at time of deposition.

12.     If the plaintiff contends that defendants Local 35 or Riccio failed to represent him adequately with respect to any grievances that he filed because of his alleged disability or in retaliation for any protected activity, please describe for each and every such grievance:

(a) the specific collective bargaining agreement (CBA) provision or provisions that the plaintiff contends was violated;

(b) the date that the plaintiff first learned of the alleged violation of the CBA;

(c) each and every communication with Local 35 or Riccio about the grievance or alleged violations, including the date, substance, and persons involved in each;

(d) when the plaintiff first knew or suspected that Local 35 and/or Riccio were not, in his opinion, adequately representing him with respect to each;

(e) the facts on which the plaintiff bases his claim that Local 35 and/or Riccio failed to represent him adequately because of his disability or in retaliation for any protected activity; and

(f) please identify any documents supporting or relating to this Answer.

## OBJECTION:

Plaintiff objects to this interrogatory because it is overly broad, unduly burdensome and better answered during deposition testimony.  Plaintiff further objects on the basis that the information sought in this Interrogatory is equally available to the propounding party and the Interrogatory as written contains subparts which should have been separately delineated.

**RESPONSE:**

Without waiving the above objection, refer to Interrogatory No. 3, No. 5, No. 6 and No. 7. Plaintiff further has produced all documents in his possession regarding notification that he was not being promoted. Plaintiff has already produced all documents currently in his possession including his grievance of discrimination of 11/13/2009 and will supplement any future documents he may obtain. Plaintiff reserves the right to supplement this Interrogatory including providing testimony regarding this same issue at time of deposition.

13.     If the plaintiff contends that defendants Local 35 or Riccio harassed,

discriminated against, or retaliated against him because of his alleged disability or

protected activity, please describe each and every act of discrimination, retaliation and

harassment by Local 35 or Riccio, including but not limited to the date of each such act,

the date the plaintiff learned of each such act, the person or persons whom the plaintiff

alleges engaged in each such act, and the facts on which the plaintiff bases his claim

that Local 35 and/or Riccio were acting because of his disability or in retaliation for any

protected activity.  Please identify any documents supporting or relating to this Answer.

**OBJECTION:**

Plaintiff objects to this interrogatory because it is overly broad, unduly burdensome and better answered during deposition testimony.  Plaintiff further objects on the basis that the information sought in this Interrogatory is equally available to the propounding party and the Interrogatory as written contains subparts which should have been separately delineated.

**RESPONSE:**

Without waiving the above objection, refer to Interrogatory No. 3, No. 5, No. 6 and No. 7. Plaintiff further has produced all documents in his possession regarding notification that he was not being promoted. Plaintiff has already produced all documents currently in his possession including his grievance of discrimination of 11/13/2009 and will supplement any future documents he may obtain. Plaintiff reserves the right to supplement this Interrogatory including providing testimony regarding this same issue at time of

deposition.

14.     If the plaintiff alleges that defendants Local 35 and/or Riccio regarded the plaintiff

as disabled and/or knew that the plaintiff had a record of a disability, please state the

identity of each and every person whom the plaintiff alleges regarded the plaintiff as

having a disability, the identity of each and every person who allegedly was aware of the

plaintiff's record of disability, and the date and the substance of the knowledge each

such person allegedly held.  Please identify any documents supporting or relating to this

Answer.

**OBJECTION:**

Plaintiff objects to this interrogatory because it is overly broad, unduly burdensome and better
answered during deposition testimony.  Plaintiff further objects on the basis that the information
sought in this Interrogatory is equally available to the propounding party and the Interrogatory as
written contains subparts which should have been separately delineated.

**RESPONSE:**

Without waiving the above objection, refer to Interrogatory No. 3, No. 5, No. 6 and No. 7.
Plaintiff further has produced all documents in his possession regarding notification that
he was not being promoted. Plaintiff has already produced all documents currently in his
possession including his grievance of discrimination of 11/13/2009 and will supplement
any future documents he may obtain. Plaintiff reserves the right to supplement this
Interrogatory including providing testimony regarding this same issue at time of
deposition.

15.     In paragraph 102 of the Complaint, the plaintiff alleges that Local 35 treated the

plaintiff, "adversely different from similarly situated non-disabled employees".  Please

state the factual basis for this allegation, including to but not limited to the identity of each and every similarly situated non-disabled employee whom the plaintiff alleges was treated more favorably, the date and nature of the allegedly adversely different treatment, the date that plaintiff learned of the allegedly adversely different treatment, and the identity of the person or persons at Local 35 who allegedly engaged in this adversely different treatment.  Please identify any documents supporting or relating to this Answer.

## OBJECTION:

Plaintiff objects to this interrogatory because it is overly broad, unduly burdensome and better answered during deposition testimony.  Plaintiff further objects on the basis that the information sought in this Interrogatory is equally available to the propounding party and the Interrogatory as written contains subparts which should have been separately delineated.

## RESPONSE:

Without waiving the above objection, refer to Interrogatory No. 3, No. 5, No. 6 and No. 7. Plaintiff further has produced all documents in his possession regarding notification that he was not being promoted. Plaintiff has already produced all documents currently in his possession including his grievance of discrimination of 11/13/2009 and will supplement any future documents he may obtain. Defendant is further already in possession of the names of those non-disabled individuals who partook in the Team Leader Training Program(s) and each one of those individuals is a comparator.  Plaintiff reserves the right to supplement this Interrogatory including providing testimony regarding this same issue at time of deposition.

16.     In paragraph 104 of the Complaint, the plaintiff alleges that as a result of Local 35's discrimination, the plaintiff was deprived of, *inter alia*, access to certain benefits under Yale's employment plan, bonus earnings, pension benefits and interest.  Please

state the factual basis for this allegation, including but not limited to the exact amount

and type of benefits that the plaintiff alleges he will be denied.  Please identify any

documents supporting or relating to this Answer.

## OBJECTION:

Plaintiff objects to this interrogatory because it is overly broad, unduly burdensome and better answered during deposition testimony.  Plaintiff further objects on the basis that the information sought in this Interrogatory is equally available to the propounding party and the Interrogatory as written contains subparts which should have been separately delineated.

## RESPONSE:

Without waiving the above objection, refer to Interrogatory No. 3, No. 5, No. 6 and No. 7. Plaintiff's placement into a Team Leader position would have resulted in a pay increase for the Plaintiff increasing his salary and additional benefits.  Defendant is in possession or can readily obtain the documentation necessary to calculate the actual loss.  Plaintiff's medical insurance was cancelled, causing him to suffer the loss of his medical benefits and the necessary medical treatment he required.  Plaintiff further has produced all documents in his possession regarding notification that he was not being promoted. Plaintiff has already produced all documents currently in his possession including his grievance of discrimination of 11/13/2009 and will supplement any future documents he may obtain. Plaintiff reserves the right to supplement this Interrogatory including providing testimony regarding this same issue at time of deposition.

17.     Please state the date on which the plaintiff first consulted with and/or retained an

attorney with respect to the claims alleged in this litigation.  Please identify any bills

and/or any retainer agreement supporting or relating to this Answer.  Information on the

content of any attorney/client communications and or information protected by the work

product privilege may be redacted on bills so that only dates and amounts paid are

produced.

**OBJECTION:**

Plaintiff objects to this interrogatory because it is overly broad, unduly burdensome and better answered during deposition testimony.  Plaintiff further objects on the basis that the information sought in this Interrogatory is equally available to the propounding party and the Interrogatory as written contains subparts which should have been separately delineated.

**RESPONSE:**

Without waiving the above objection, Plaintiff's out of pocket attorney costs to date total $7,800.00 plus Contingency fee of 33% of any settlement.

## PRODUCTION REQUESTS

## *All documents in the Plaintiff's possession have already been produced within

## Plaintiff's Initial Discovery Protocol disclosures dated October 22, 2013.

1.      Please provide all documents identified in response to the defendant Local 35's

interrogatories.

## OBJECTION:

Plaintiff's objects to this production request as it is overly broad, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection, Plaintiff has already produced all documents currently in his possession and will supplement any future documents he may obtain.

## RESPONSE:
All documents in the Plaintiff's possession have already been produced within Plaintiff's Initial Discovery Protocol disclosures dated October 22, 2013.


2.      If not already provided, produce any/all documents concerning the plaintiff's claim

that he suffers from a disability or chronic physical medical impairment.

## OBJECTION:

Plaintiff's objects to this production request as it is overly broad, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection, Plaintiff has already produced all documents currently in his possession and will supplement any future documents he may obtain.


## RESPONSE:

All documents in the Plaintiff's possession have already been produced within Plaintiff's Initial Discovery Protocol disclosures dated October 22, 2013.

3.      If not already provided, produce any/all documents concerning the plaintiff's claim

that his disabilities or chronic physical medical impairments substantially limit one or

more major life activities.

**OBJECTION:**

Plaintiff's objects to this production request as it is overly broad, unduly burdensome, is
not reasonably calculated to lead to the discovery of admissible evidence.  Without
waiving this objection, Plaintiff has already produced all documents currently in his
possession and will supplement any future documents he may obtain.


**RESPONSE:**

All documents in the Plaintiff's possession have already been produced within Plaintiff's
Initial Discovery Protocol disclosures dated October 22, 2013.



4.      If not already provided, produce any/all documents concerning the plaintiff's claim

that his disabilities or chronic physical medical impairments substantially limit a major

bodily function.

**OBJECTION:**

Plaintiff's objects to this production request as it is overly broad, unduly burdensome, is
not reasonably calculated to lead to the discovery of admissible evidence.  Without
waiving this objection, Plaintiff has already produced all documents currently in his
possession and will supplement any future documents he may obtain.


**RESPONSE:**

All documents in the Plaintiff's possession have already been produced within Plaintiff's
Initial Discovery Protocol disclosures dated October 22, 2013.

5.      If not already provided, produce the personnel file of the plaintiff.  Pursuant to

Connecticut law such personnel file must include, but is not limited to: records showing

dates of hire, dates of separation from employment and reasons therefore, warnings,

reprimands, suspensions, and reasons for said actions, rates of pay, job classifications,

performance evaluations, job descriptions, and/or contracts of employment.

## OBJECTION:

Plaintiff's objects to this production request as it is overly broad, unduly burdensome, is
not reasonably calculated to lead to the discovery of admissible evidence.  Without
waiving this objection, Plaintiff has already produced all documents currently in his
possession and will supplement any future documents he may obtain.

## RESPONSE:

All documents in the Plaintiff's possession have already been produced within Plaintiff's
Initial Discovery Protocol disclosures dated October 22, 2013.

6.      If not already provided, produce any/all documents concerning the plaintiff's

efforts to mitigate his damages.

## OBJECTION:

Plaintiff's objects to this production request as it is overly broad, unduly burdensome, is
not reasonably calculated to lead to the discovery of admissible evidence.  Without
waiving this objection, Plaintiff has already produced all documents currently in his
possession and will supplement any future documents he may obtain.

## RESPONSE:

All documents in the Plaintiff's possession have already been produced within Plaintiff's
Initial Discovery Protocol disclosures dated October 22, 2013.

7.      If not already provided, produce any/all documents concerning the plaintiff's

claims that at all relevant times he was qualified to perform the essential duties of his

position in a satisfactory manner.

**OBJECTION:**

Plaintiff's objects to this production request as it is overly broad, unduly burdensome, is
not reasonably calculated to lead to the discovery of admissible evidence.  Without
waiving this objection, Plaintiff has already produced all documents currently in his
possession and will supplement any future documents he may obtain.

**RESPONSE:**

All documents in the Plaintiff's possession have already been produced within Plaintiff's
Initial Discovery Protocol disclosures dated October 22, 2013.

8.      If not already provided, produce any/all documents concerning the plaintiff's

claims that he was unable to complete the Team Leader Training Program because he

was required to seek immediate, emergency medical attention due to a flare up of his

medical condition.

**OBJECTION:**

Plaintiff's objects to this production request as it is overly broad, unduly burdensome, is
not reasonably calculated to lead to the discovery of admissible evidence.  Without
waiving this objection, Plaintiff has already produced all documents currently in his
possession and will supplement any future documents he may obtain.

**RESPONSE:**

All documents in the Plaintiff's possession have already been produced within Plaintiff's
Initial Discovery Protocol disclosures dated October 22, 2013.

9.      If not already provided, produce any/all documents concerning the plaintiff's

claims that defendants Local 35 and/or Riccio discriminated against the plaintiff.

**OBJECTION:**

Plaintiff's objects to this production request as it is overly broad, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection, Plaintiff has already produced all documents currently in his possession and will supplement any future documents he may obtain.

**RESPONSE:**

All documents in the Plaintiff's possession have already been produced within Plaintiff's Initial Discovery Protocol disclosures dated October 22, 2013.

10.     If not already provided, produce any/all documents concerning the plaintiff's

claims that defendants Local 35 and/or Riccio retaliated against the plaintiff.

**OBJECTION:**

Plaintiff's objects to this production request as it is overly broad, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection, Plaintiff has already produced all documents currently in his possession and will supplement any future documents he may obtain.

**RESPONSE:**

All documents in the Plaintiff's possession have already been produced within Plaintiff's Initial Discovery Protocol disclosures dated October 22, 2013.

11.     If not already provided, produce any/all documents concerning the plaintiff's

claims that defendants Local 35 and/or Riccio denied the plaintiff reasonable

accommodations.

**OBJECTION:**

Plaintiff's objects to this production request as it is overly broad, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection, Plaintiff has already produced all documents currently in his possession and will supplement any future documents he may obtain.

**RESPONSE:**

All documents in the Plaintiff's possession have already been produced within Plaintiff's Initial Discovery Protocol disclosures dated October 22, 2013.

12.     If not already provided, produce any/all documents concerning the plaintiff's

claims that he sought reasonable accommodations.

**OBJECTION:**

Plaintiff's objects to this production request as it is overly broad, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection, Plaintiff has already produced all documents currently in his possession and will supplement any future documents he may obtain.

**RESPONSE:**

All documents in the Plaintiff's possession have already been produced within Plaintiff's Initial Discovery Protocol disclosures dated October 22, 2013.

13.     If not already provided, produce any/all documents concerning the plaintiff's

claims that defendants Yale and/or Local 35 denied the plaintiff reasonable

accommodations.

**OBJECTION:**

Plaintiff's objects to this production request as it is overly broad, unduly burdensome, is
not reasonably calculated to lead to the discovery of admissible evidence.  Without
waiving this objection, Plaintiff has already produced all documents currently in his
possession and will supplement any future documents he may obtain.

**RESPONSE:**

All documents in the Plaintiff's possession have already been produced within Plaintiff's
Initial Discovery Protocol disclosures dated October 22, 2013.

14.     If not already provided, produce any/all documents concerning the plaintiff's

claims that he suffered damages, including any documents evidencing loss of income

and wages, benefits, bonus earnings, pension benefits, interest, severe humiliation,

embarrassment, emotional distress, and harm to professional reputation.

**OBJECTION:**

Plaintiff's objects to this production request as it is overly broad, unduly burdensome, is
not reasonably calculated to lead to the discovery of admissible evidence.  Without
waiving this objection, Plaintiff has already produced all documents currently in his
possession and will supplement any future documents he may obtain.

**RESPONSE:**

All documents in the Plaintiff's possession have already been produced within Plaintiff's
Initial Discovery Protocol disclosures dated October 22, 2013.

15.     Please produce copies of any retainer with any counsel for whom you are seeking

attorney's fees in this matter.

**OBJECTION:**

Plaintiff's objects to this production request as it is overly broad, unduly burdensome, is
not reasonably calculated to lead to the discovery of admissible evidence.  Without
waiving this objection, Plaintiff has already produced all documents currently in his
possession and will supplement any future documents he may obtain.

**RESPONSE:**

All documents in the Plaintiff's possession have already been produced within Plaintiff's
Initial Discovery Protocol disclosures dated October 22, 2013.

16.     Please produce any communications with the defendant Yale with respect to or

concerning any paragraph, claim, or count of this action or its subject matter.

**OBJECTION:**

Plaintiff's objects to this production request as it is overly broad, unduly burdensome, is
not reasonably calculated to lead to the discovery of admissible evidence.  Without
waiving this objection, Plaintiff has already produced all documents currently in his
possession and will supplement any future documents he may obtain.

**RESPONSE:**

All documents in the Plaintiff's possession have already been produced within Plaintiff's
Initial Discovery Protocol disclosures dated October 22, 2013.

17.     Please produce any communications with defendant Local 35 with respect to or concerning any paragraph, claim, or count of this action or its subject matter, including but not limited to any e-mails, letters or notes.

**OBJECTION:**

Plaintiff's objects to this production request as it is overly broad, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection, Plaintiff has already produced all documents currently in his possession and will supplement any future documents he may obtain.

**RESPONSE:**

All documents in the Plaintiff's possession have already been produced within Plaintiff's Initial Discovery Protocol disclosures dated October 22, 2013.

18.     Please produce any communications with defendant Riccio with respect to or concerning any paragraph, claim, or count of this action or its subject matter, including but not limited to any e-mails, letters or notes.

**OBJECTION:**

Plaintiff's objects to this production request as it is overly broad, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection, Plaintiff has already produced all documents currently in his possession and will supplement any future documents he may obtain.

**RESPONSE:**

All documents in the Plaintiff's possession have already been produced within Plaintiff's Initial Discovery Protocol disclosures dated October 22, 2013.

19.     Please produce any communications by or to the plaintiff with respect to or

concerning any paragraph, claim, or count of this action or its subject matter, including

but not limited to any e-mails, letters or notes.

**OBJECTION:**

Plaintiff's objects to this production request as it is overly broad, unduly burdensome, is
not reasonably calculated to lead to the discovery of admissible evidence.  Without
waiving this objection, Plaintiff has already produced all documents currently in his
possession and will supplement any future documents he may obtain.

**RESPONSE:**

All documents in the Plaintiff's possession have already been produced within Plaintiff's
Initial Discovery Protocol disclosures dated October 22, 2013.

20.     Please produce any records, notes, diaries or calendars with respect to or

concerning any paragraph, claim, or count of this action or its subject matter.

**OBJECTION:**

Plaintiff's objects to this production request as it is overly broad, unduly burdensome, is
not reasonably calculated to lead to the discovery of admissible evidence.  Without
waiving this objection, Plaintiff has already produced all documents currently in his
possession and will supplement any future documents he may obtain.

**RESPONSE:**

All documents in the Plaintiff's possession have already been produced within Plaintiff's
Initial Discovery Protocol disclosures dated October 22, 2013.

21.     Please produce any written or oral statements made by any person, including but

not limited to any party with respect to or concerning any paragraph, claim, or count of

this action or its subject matter.

**OBJECTION:**

Plaintiff's objects to this production request as it is overly broad, unduly burdensome, is
not reasonably calculated to lead to the discovery of admissible evidence.  Without
waiving this objection, Plaintiff has already produced all documents currently in his
possession and will supplement any future documents he may obtain.


**RESPONSE:**

All documents in the Plaintiff's possession have already been produced within Plaintiff's
Initial Discovery Protocol disclosures dated October 22, 2013.


                              THE PLAINTIFF
                              CURTIS REDDICK
                              By His Attorney:

                              _____/s/_____
                              Michelle Gramlich, Esq. (ct28160)
                              Employee Rights, LLC
                              57 State Street
                              North Haven, CT  06473
                              Tel. No.: (203) 936-9111
                              Fax. No.:  (203) 239-9111
                              michellegramlich@employeerightsllc.com

<u>CERTIFICATION</u>

This is to certify that a copy of the foregoing was sent this 19TH day of December,

2013 via email to the following counsel of record:

Patrick M. Noonan (ct00189)
Donahue, Durham & Noonan, P.C.
Concept Park, Suite 306
741 Boston Post Road
Guilford, CT 06437
pnoonan@ddnctlaw.com


Gregg D. Adler (ct05698)
Mary Kelly (ct07419)
Livingston, Adler, Pudula, Meiklejohn
& Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105
gdadler@lapm.org
mekelly@lapm.org

_____/s/_____
Michelle Gramlich, Esq. (ct28160)