UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CURTIS REDDICK | : | CIVIL ACTION |
| | : | NO. 3:13-CV-01140 RNC |
| PLAINTIFF | : | |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, ET AL | : | |
| | : | |
| DEFENDANTS | : | |
| | : | NOVEMBER 1, 2013 |

### DEFENDANT YALE UNIVERSITY'S
### AMENDED ANSWER AND SPECIAL DEFENSE

The defendant, Yale University ("defendant"), hereby answers the plaintiff's complaint dated August 8, 2013.

1. Paragraph 1 is a description of the plaintiff's claims, to which no response is required.

2. The allegations contained in Paragraphs 2 are admitted.

3-4. The defendant admits that the plaintiff was an employee as defined by the ADA and FMLA, but denies that he was "at all times" covered by those acts. It is admitted that at various times he was on leave pursuant to the FMLA.

5. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and therefore leaves the plaintiff to his proof.

6. The defendant admits that it is an undergraduate and graduate educational institution located in New Haven, Connecticut.

7. The allegations contained in Paragraph 7 are admitted.

8-10. Since the allegations contained in Paragraphs 8, 9 and 10 are not directed at this defendant, no response is required.

11. The allegations contained in Paragraph 11 are admitted.

12. The defendant admits that it is an employer under the Connecticut Fair Employment Practices Act. Since the remaining allegations contained in Paragraph 12 are not directed at this defendant, no response is required.

13-15. The defendant agrees that the Court has jurisdiction and that venue is proper in this District.

16-17. The defendant admits that the plaintiff filed a complaint with the CHRO on August 11, 2011, which was dually filed with the EEOC, and that the CHRO retained the complaint for investigation following a Merit Assessment Review on February 16, 2012. The defendant further admits that the CHRO issued a release of jurisdiction on August 2, 2013. The defendant denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraphs 16 and 17 and therefore leaves the plaintiff to his proof.

18. Since the allegations contained in Paragraph 18 are not directed at this defendant, no response is required.

19. The allegations contained in Paragraph 19 are denied, except to admit that the plaintiff was hired as a custodian in 1990.

20. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore leaves the plaintiff to his proof.

21. The defendant denies that the plaintiff was at all times able to perform the essential functions of his position and that he performed the essential functions of his position in a satisfactory manner at all times.

22. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore leaves the plaintiff to his proof.

23. The defendant admits that the plaintiff at times applied for and was granted intermittent family medical leave pursuant to the FMLA. The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 and therefore leaves the plaintiff to his proof.

24. The defendant denies the allegations contained in Paragraph 24, except to admit that the plaintiff was approved for intermittent FMLA leave effective April 23, 2013 through October 25, 2013.

25. The defendant admits that it was aware that the plaintiff at times applied for and was granted medical leaves of absence under the FMLA. The defendant denies the remaining allegations contained in Paragraph 25.

26. The allegations contained in Paragraph 26 are denied.

27. The defendant admits that the plaintiff's supervisor, Mr. McGuire, met with the plaintiff in or around October, 2009 to discuss a complaint from a client that a bathroom had not been adequately cleaned. The defendant further admits that the plaintiff made a report to the Dean of the Yale University Law School. The defendant denies the remaining allegations contained in Paragraph 27.

28. The defendant admits that Mr. McGuire reminded the plaintiff of the appropriate reporting chain and that the plaintiff was counseled regarding unsatisfactory attendance when he was not on leave under the FMLA. The defendant denies the remaining allegations contained in Paragraph 28.

29-30. The allegations contained in Paragraphs 29 and 30 are denied.

31. The allegations contained in Paragraph 31 are admitted.

32. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and therefore leaves the plaintiff to his proof.

33. The allegations contained in Paragraph 33 are denied.

34. The defendant admits that the plaintiff participated in the Team Leader Training Program. The defendant denies the remaining allegations contained in Paragraph 34.

35. The allegations contained in Paragraph 35 are admitted.

36. The defendant admits that the plaintiff missed two and a half of the three required days of the Team Leader Training Program. The defendant further admits that the plaintiff was out of work on approved FMLA leave on March 1, 2010, March 2, 2010, March 9, 2010, March 10, 2010, March 11, 2010, March 18, 2010 and March 19, 2010. The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36.

37. The defendant denies that all other participants in the Team Leader Training Program were granted promotions to Team Leader positions.

38. The defendant admits the allegations contained in Paragraph 38, except to deny that the plaintiff failed to complete only the last day of the Team Leader Training Program. The plaintiff failed to complete two and a half days of the required three days of training.

39. The allegations contained in Paragraph 39 are denied, for the reason that the plaintiff did not claim that any medical condition caused his failure to complete the Team Leader Training Program, nor did the plaintiff request any accommodation.

40-41. The allegations contained in Paragraphs 40 and 41 are denied.

42. The defendant admits that the plaintiff received a letter dated September 27, 2010 and refers to that letter for the contents thereof. Since the remaining allegations contained in Paragraph 42 are not directed at this defendant, no response is required.

43. Since the allegations contained in Paragraph 43 are not directed at this defendant, no response is required.

44. The defendant admits that the plaintiff was out of work for several days in February, 2011, but denies that the plaintiff was on medical leave at that time. The defendant further denies that the plaintiff was able to perform the essential functions of his position with a lifting restriction. The defendant admits that the plaintiff provided doctors' notes dated March 23, 2011 and April 11, 2011 and refers to those notes for the contents thereof.

45. The defendant admits that the plaintiff provided doctors' notes dated March 23, 2011 and April 11, 2011 and refers to those notes for the contents thereof. The defendant denies the remaining allegations contained in Paragraph 45.

46. The defendant denies that the plaintiff was able to perform the essential functions of his position with a lifting restriction. The defendant admits that when the plaintiff's supervisor, Gregory Mitchell, learned of the plaintiff's lifting restriction, Mr. Mitchell and Robert Young, the Director of Facilities Services, informed the plaintiff that he should be on full medical leave because he was unable to perform the essential functions of his position. The defendant denies the remaining allegations contained in Paragraph 46.

47-48. The allegations contained in Paragraphs 47 and 48 are denied.

49-51. Since the allegations contained in Paragraphs 49 through 51 are not directed at this defendant, no response is required.

52. The allegations contained in Paragraph 52 are admitted.

53. The defendant denies the allegations contained in Paragraph 53, except to admit that Mr. Mitchell held a meeting with his employees on September 1 and that he reassigned the plaintiff, as well as other employees, to different job duties.

54. It is admitted that the plaintiff registered a complaint, but the defendant denies that Mr. Mitchell threatened the plaintiff.

55. The defendant denies the allegations contained in Paragraph 55, except to admit that the plaintiff continues to be employed by the defendant.

56. The allegations contained in Paragraph 56 are admitted.

57-58. Since the allegations contained in Paragraphs 57 and 58 are not directed at this defendant, no response is required.

## COUNT ONE
## Violation of the ADA
## (Against Defendant Yale)

1-58. The responses to Paragraphs 1 through 58 of the Complaint are hereby incorporated as the responses to Paragraphs 1 through 58 of Count One.

59. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 and therefore leaves the plaintiff to his proof.

60. The allegations contained in Paragraph 60 are denied.

61. The defendant denies the allegations contained in Paragraph 61, except to admit that the plaintiff at times applied for and was granted medical leaves of absence under the FMLA.

62-72. The allegations contained in Paragraphs 62 through 72 are denied.

## COUNT TWO
### Retaliation in Violation of ADA
### (Against Defendant Yale)

1-72. The responses to Paragraphs 1 through 72 of the Complaint are hereby incorporated as the responses to Paragraphs 1 through 72 of Count Two.

73-79. The allegations contained in Paragraphs 73 through 79 are denied.

## COUNT THREE
### Interference with Exercise of FMLA Rights, FMLA Discrimination and Retaliation
### (Against Defendant Yale)

1-79. The responses to Paragraphs 1 through 79 of the Complaint are hereby incorporated as the responses to Paragraphs 1 through 79 of Count Three.

80. Paragraph 80 contains a description of the plaintiff's claim, to which no response is required.

81-82. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 81 and 82.

83-86. The allegations contained in Paragraphs 83 through 86 are denied.

## COUNT FOUR
### Disability Discrimination in Violation of
### Connecticut Fair Employment Practices Act C.G.S. § 46a-60(a)(1)
### (Against Defendant Yale)

1-86. The responses to Paragraphs 1 through 86 of the Complaint are hereby incorporated as the responses to Paragraphs 1 through 86 of Count Four.

87-89. The allegations contained in Paragraphs 87 through 89 are denied.

## COUNT FIVE
### Retaliation in Violation of
### Connecticut Fair Employment Practices Act C.G.S. § 46a-60(a)(4)
### (Against Defendant Yale)

1-89.   The responses to Paragraphs 1 through 89 of the Complaint are hereby incorporated as the responses to Paragraphs 1 through 89 of Count Five.

90-94.   The allegations contained in Paragraphs 90 through 94 are denied.

## COUNT SIX
### Violation of the ADA
### (Against Defendant Union)

The defendant does not respond to Count Six as said count is not directed at this defendant.

## COUNT SEVEN
### Retaliation in Violation of ADA
### (Against Defendant Union)

The defendant does not respond to Count Seven as said count is not directed at this defendant.

## COUNT EIGHT
### Violation of Connecticut Fair Employment Practices Act C.G.S. § 46a-60(a)(1)
### (Against Defendant Union)

The defendant does not respond to Count Eight as said count is not directed at this defendant.

## COUNT NINE
### Retaliation in Violation of
### Connecticut Fair Employment Practices Act C.G.S. § 46a-60(a)(4)
### (Against Defendant Union)

The defendant does not respond to Count Nine as said count is not directed at this defendant.

## COUNT TEN
### Aiding and Abetting Discrimination Violation of
### Connecticut Fair Employment Practices Act C.G.S. § 46a-60(a)(5)
### (Against Defendant Riccio)

The defendant does not respond to Count Ten as said count is not directed at this defendant.

## **SPECIAL DEFENSE**

The plaintiff's claims under the Americans with Disabilities Act and the Connecticut Fair Employment Practices Act regarding alleged conduct on the part of the defendant that occurred prior to February 12, 2011 are barred by the statute of limitations because the plaintiff did not file a complaint of discrimination or retaliation with the Connecticut Commission on Human Rights within 180 days of that alleged conduct.

DEFENDANT
YALE UNIVERSITY

By: _____/s/_____
PATRICK M. NOONAN – CT00189
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park, Suite 306
741 Boston Post Road
Guilford, CT  06437
Telephone:  (203) 458-9168
Fax:  (203) 458-4424
Email:  pnoonan@ddnctlaw.com

## **CERTIFICATION**

   I hereby certify that, on November 1 2013, a copy of the foregoing Amended Answer and Special Defense was filed electronically and served by mail on anyone unable to accept electronic mail.  Notice of this filing was sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                  /s/
               PATRICK M. NOONAN