UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CURTIS REDDICK | CIVIL ACTION |
| | NO. 3:13-CV-01140 RNC |
| PLAINTIFF | |
| | |
| v. | |
| | February 24, 2014 |
| YALE UNIVERSITY, ET AL | |
| | |
| DEFENDANTS | |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES AND PRODUCTION REQUESTS

The defendant, Yale University, hereby responds to the plaintiff's First Set of Interrogatories and Production Requests dated November 1, 2013.

### INTERROGATORIES

1. State the name, business address, position and department within the Defendant company(s) of each and every person by name and title that assisted in preparing the answers to these Interrogatories.

**ANSWER:** **Counsel for Yale University.**

2. Please state in detail all steps that were taken to investigate Plaintiff's November 24, 2009 complaint of discrimination (as provided in Defendant Answer to the Complaint in Paragraph 31).

**ANSWER:** **Objection pending. Without waiving these objections, Laticia Mewborne, who was then in the Office for Equal Opportunity Programs, investigated the plaintiff's complaint.**

3. State the salary of a Team Leader Position, including anticipated annual pay increases.

**ANSWER:** **Objection pending. Without waiving these objections, see attached printout for salary range for a Team Leader.**

4. Please detail with specificity, any investigation or inquiry conducted by the Defendant, its agent, servant, employee, contractor, including investigation/inquiry other than documents or oral communications presented for legal advice during your attorney-client relationship regarding Plaintiff's claims and Defendant's defenses in this matter. Such specificity should include, the date, nature and purpose of any such investigation or inquiry; whether any record, report, writing or e-mail was made of it, and if so the date of such; the name, address and telephone number of the person(s) and agency, company or organization conducting the investigation or inquiry; and a description of the subject matter, results and findings of any such investigation or inquiry;  the names, address and telephone number of any person, agency, company or organization spoken to relative to the aforementioned investigation/inquiry; of a claim of attorney-client or other privilege is claimed, provide the information required by "h" of the instructions.

**ANSWER:** **Objection pending.**

5. Please detail with specificity all statements obtained by Defendant from any person concerning the incidents alleged in the Plaintiff's complaint or Defendant's answer or defenses.  Such specificity should include the name and address of the person who gave the statement, and the date said statement was obtained; whether the statement was oral or written; the name and address of the person to whom the statement was made; the nature and description of the substance of each such statement; any claim of privilege shall comply with paragraph "h" of the instructions.

**ANSWER:** **Objection pending. Without waiving these objections, defendant states that no such statements exist.**

6. Please state in detail each and every essential job function that Plaintiff was incapable of performing between March 2, 2009 and April 7, 2009.

**ANSWER:** **Objection pending.**

7. Please state in detail each and every essential job function that Plaintiff was incapable of performing between November and December of 2009.

**ANSWER:** **Objection pending.**

8. Please state in detail each and every essential job function that Plaintiff was incapable of performing in September, 2013.

**ANSWER:** **Objection pending.**

9. Please state in detail each and every counseling, verbal or written warning, letter, memorandum, complaint, note or other document(s), demonstrating that Plaintiff was incapable at any time while on the job, of performing any function of his assigned position during the last four (4) years.

**ANSWER:** **Objection pending.**

10. There is no Interrogatory #10.

11. State the name of all employees who were selected for the initial phase of the Team Leader Program, including the following information:

   a. Noting each employee who is known to suffer from a disability;
   b. Noting each employee who was placed into a Team Leader Position;
   c. Noting each employee who was not placed into a Team Leader Position.

**ANSWER:** **Objection pending.**

12. Please state in detail the date, time and name of the individual(s) who interviewed the Plaintiff in September 2010 during the final phase of the CTL program.

**ANSWER:** **Plaintiff was interviewed by Meg Riccio, Brian Wingate, Bob Young, Steve Percival in September, 2010.**

3

13. Please state in detail how it was determined that the Plaintiff was absent from the mandatory 3-day training session in March of 2010.

**ANSWER:** **Plaintiff attended half of the first day of the mandatory March, 2010 training session and did not return for the remaining two days.**

## REQUESTS FOR PRODUCTION

1. Copies of any documents, notes, memorandums, compilations or other form written or electronic, including files kept in storage, that were relied upon in answering the above interrogatories.

**ANSWER:** **Objection pending.**

2. Any and all written or oral statements or stenographic, mechanical, electrical or other recording or transcription thereof made by any person, including any party to this case concerning any paragraph, claim or count of this action or its subject matter.

**ANSWER:** **Objection pending.**

3. Copies of all notes, files, listings, compilations, or other form written or electronic, including files kept in storage, relating to the Plaintiff's employment with Defendant during the last seven (7) years.

**ANSWER:** **Objection pending. Without waiving these objections, attached is plaintiff's personnel file.**

4

    4.    Any and all personnel, disciplinary or any other type of files, notes, folders, listings, compilations or other form written or electronic maintained by the Defendant concerning or relating to the Plaintiff, including files that are kept in storage in paper or electronic form throughout Plaintiff's employment.

**ANSWER:**    **Objection pending.**

    5.    Produce all documents response to Interrogatory No. 9.

**ANSWER:**    **Objection pending.**

    6.    Produce all documents response to Interrogatory No. 12, including any notes, memorandums, grading criteria or any other documents indicative that Plaintiff was interviewed in September, 2010 as part of Defendant's final phase of the CTL program.

**ANSWER:**    **Objection pending.**

    7.    Produce all documents response to Interrogatory No. 13, including any notes, memorandums, attendance criteria or any other documents indicative that Plaintiff was not present at any CTL program training sessions.

**ANSWER:**    **Objection pending.**

    8.    Any and all medical, FMLA or any other type of files, notes, folders, listings, compilations or other form written or electronic maintained by the Defendant concerning or relating to the Plaintiff, including files that are kept in storage in paper or electronic form during the last five (5) years.

**ANSWER:**    **Objection pending.**

    9.    Copies of all communications, documents, emails, forms, policies, cancellations forms or other documents that may exist between the Defendant and Plaintiff pertaining to Plaintiff's submission, denials, cancellations, approvals, attendance, salary, calculations or other compilations pertaining to Plaintiff and FMLA throughout his employment.

**ANSWER:**    **Objection pending.**

10. Any and all memos, notes, letters, correspondence, e-mails or other documents written or electronic concerning each of the Plaintiff's job title(s) and job description(s), pay rate(s), salary, days and hours worked, transfers, promotions, reassignments, temporary reassignments and weekly and yearly earnings for the last seven (7) years that the Plaintiff was employed by the Defendant.

**ANSWER:** **Objection pending.**

11. A complete copy of Plaintiffs' attendance records, including designation of any noted reasons for the absence (i.e. sick, vacation and/or FMLA).

**ANSWER:** **Objection pending.**

12. A copy of Defendant's FMLA policy.

**ANSWER:** **See attached printout from the U.S. Department of Labor entitled "Employee Rights and Responsibilities Under The Family and Medical Leave Act".**

13. Any and all memos, notes, letters, correspondence, e-mails or other documents written or electronic concerning any notifications, requests, directives of any kind as they pertain to Plaintiff's work assignments during the last four (4) years.

**ANSWER:** **Objection pending. Without waiving these objections, attached is plaintiff's personnel file.**

14. Any and all handbooks, manuals, booklets, pamphlets, memos, letters, correspondence, emails or other documents written or electronic relating to Defendant's policies regarding individuals with disabilities and accommodations, including any revisions, updates and/or amendments, during the last four (4) years.

**ANSWER:** **Objection pending. Without waiving these objections, see attached pamphlet entitled "Employment Accommodation Program for Persons with Disabilities".**

15. Copy of any and all Defendant policy and/or procedures regarding light duty positions, including any revisions, updates and/or amendments, during the last four (4) years.

**ANSWER:** **Objection pending.**

16. Any and all evaluations and/or reviews performed on the Plaintiff and any and all memos, letters, correspondence, e-mails or other documents written or electronic relating to the performance evaluations and/or reviews of the Plaintiff for the past ten (10) years with the Defendant.

**ANSWER:** **Objection pending. Without waiving these objections, attached is plaintiff's personnel file.**

17. Copy of any and all complaints of any kind, submitted by the Plaintiff, to any administrator, employee, agent or other individual of the Defendant during the last five (5) years.

**ANSWER:** **Objection pending.**

18. Any and all letters, notes, memos, correspondence, e-mails or reports written or electronic relating to investigation(s) and/or inquiries conducted relative to the Plaintiff and the name(s) of those entities, organizations and persons conducting such investigation/inquiry during the last five (5) years.

**ANSWER:** **Objection pending.**

19. Any and all diaries, logs, notes, journals, e-mails or stenographic, mechanical, electronic or other recording prepared by the Defendant, or its employees, agents or servants, concerning the Plaintiff's employment and/or his medical conditions during the last five (5) years.

**ANSWER:** **Objection pending. Without waiving these objections, attached is plaintiff's personnel file.**

20. Provide a copy of Defendant's policy or procedure regarding employees and reporting of complaints, in effect during the last four (4) years.

**ANSWER:** **Objection pending. Without waiving these objections, defendant has no such policies.**

21. Provide a list of the name, title and qualification of each individual who assessed and/or graded any applicant during the June, 2009, March, 2010 and September, 2010, Team Leader Program initiative.

**ANSWER:** CTL Selection – August 2009 Team – Mark Wilson, Brian Wingate, Bob Young, Vibha Buckingham
CTL Selection – March 2010 Team - Mark Wilson, Brian Wingate, Bob Young, Vibha Buckingham
CTL Selection – September 2010 Team - Meg Riccio, Brian Wingate, Bob Young, Steve Percival.

22. Provide a copy of the scores received by all employee participants/applicants to the Team Leader interview process and training process during the last four (4) years.

**ANSWER:** **Objection pending.**

23. Provide a list of all applicants in June, 2009, March 2010 and September, 2010, who applied for and were accepted to participate in the Team Leader Program.

**ANSWER:** **Objection pending.**

24. Provide a list of the names of each of the applicants who were selected as a Team Leader following the June, 2009, March, 2010 and September, 2010, Team Leader Training Program.

**ANSWER:** **Objection pending.**

25.     Provide a copy of Plaintiff's November 24, 2009 written Complaint regarding harassment and discrimination (as admitted in the Answer in Paragraph 31 of the Complaint).

**ANSWER:**     **Plaintiff's November 24, 2009 complaint was oral, not written.**

26.     Copies of any notes, statements, memorandums, emails or other material documents related to any investigation performed in relation to Plaintiff's November 24, 2009 complaint regarding harassment and discrimination.

**ANSWER:**     **Objection pending.**

27.     Provide a copy of the attendance logs, sign-in sheets and/or other documents utilized to track employee participation for all Team Leader Training sessions from 2009 to present date.

**ANSWER:**     **Objection pending.**

28.     Copy of any and all communication sent out to Defendant employees regarding the Team Leader program, interviews, training, openings, applications, denials, promotions or other related documents in paper and/or electronic during the last four (4) years.

**ANSWER:**     **Objection pending.**

29.     Copy of all applications submitted for any Team Leader Position during the last four (4) years.

**ANSWER:**     **Objection pending.**

30.     Provide a copy of the name of all Defendant employees placed into a Team Leader position during the last four (4) years.

**ANSWER:**     **Objection pending.**

9

31. Provide a copy of the interview notes for all Defendant employees who were interviewed for participation in and/or placement into, a Team Leader Position during the last four (4) years.

**ANSWER:** **Objection pending.**

32. Provide a copy of the recommendations for all Defendant employees who were interviewed for participation in and/or placement into, a Team Leader Position during the last four (4) years.

**ANSWER:** **Objection pending.**

33. Provide a copy of any grading, chart, point value, or other means of assessing Team Leader Candidates utilized in any selection process for participation in and/or placement into, a Team Leader position during the last four (4) years.

**ANSWER:** **Objection pending.**

## DEFENDANT'S CERTIFICATION

I, Caroline G. Hendel, Senior Associate General Counsel of Yale University, hereby certify that I have reviewed the above Interrogatories and responses thereto and that they are true and accurate to the best of my knowledge and belief.

Yale University

By: _____
Caroline G. Hendel
Senior Associate General Counsel

STATE OF CONNECTICUT  )
                      : ss.
COUNTY OF NEW HAVEN   )

Subscribed and sworn to before me this 12th day of February, 2014.

_____
Commissioner of Superior Court
Notary Public
My Commission Expires:

RICHARD PEARLBERG
*NOTARY PUBLIC*
MY COMMISSION EXPIRES MARCH 31, 2015

THE DEFENDANT
YALE UNIVERSITY

By: *Patrick M. Noonan*
Patrick M. Noonan – CT00189
Donahue, Durham & Noonan, P.C.
Concept Park, Suite 306
741 Boston Post Road
Guilford, CT 06437
Telephone: (203) 458-9168
Fax: (203) 458-4424
Email: pnoonan@ddnctlaw.com

## CERTIFICATION

This is to certify that a copy of the foregoing was e-mailed on the above-written date, to:

Michelle Gramlich, Esq.
Employee Rights, LLC
57 State Street
North Haven, CT 06473
michellegramlich@employeerightsllc.com

Gregg D. Adler, Esq.
Mary E. Kelly, Esq.
Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105-2922
gdadler@lapm.org; mekelly@lapm.org

*Patrick M. Noonan*
Patrick M. Noonan