

**LABOR AND EMPLOYMENT LAW**
Connecticut & New York Attorneys at Law

December 2, 2009

Yale University
Human Resources
221 Whitney Avenue
New Haven, Connecticut

Richard C. Levin
President
Yale University
105 Wall Street
New Haven, CT   06511

Yale University
Caroline G. Hendel
Associate General Counsel
2 Whitney Avenue, 6th Floor
New Haven, Conn.   06510

Re:    Mr. Curtis Reddick

Ladies and Gentlemen:

Please accept this letter as notification that this office represents Mr. Curtis Redding in regards to harassing and discriminatory actions taken against our client Mr. Redding, by Yale University that possibly include violation of both state and federal laws.

This is a communication letter putting your company and key individuals on notice of pending or possible lawsuit. As you may or may not know, it is your duty pursuant to Federal laws to preserve all potentially relevant evidence when litigation is reasonably anticipated (not when a complaint is actually served). We are therefore notifying your University of the possibility of litigation and request that all potentially relevant evidence regarding our client, Curtis Redding be preserved. This would include, and is not limited to, the following:

- E-mail (including those stored on cell phones; PDAs; blackberries, etc.)
- Word documents
- Contracts
- Excel spreadsheets
- Databases

ne 203.389.6526
203.389.2656

8 Lunar Drive
Woodbridge, Connecticut 06525
Mail@AxelrodLegal.Com

www.AxelrodLegal.Com
www.Genecanhelp.Com

- Outlook (or any other computer generated) calendars, notes, contacts
- Voicemail
- Computer hard drives (including work station computer; network computers; home computers; laptop computer; portable discs; thumb drives
- Portable devices (PDAs; ipods; cell phones)
- Current Web site in original form;
- Current Internet/Online listings (employment ads; blogs; employee handbooks, policies, etc.)
- Video, digital, audio recordings.
- All Medical, Personnel Records; including disciplinary and supervisory records maintained and pertaining or relating to Mr. Redding in any manner;
- All Family Medical Leave documentation where ever located;
- All attendance records regarding Mr. Redding;
- All policies and procedures in their current form in regards to disability discrimination, harassment, hostile work environment, disability leave, family medical leave.

Please note that pursuant to Federal Rules, you may be faced with serious sanctions for failing to preserve all potentially relevant evidence which may include: fines; adverse inference instruction by the court; judgment against you; and/or a spoliation claim. We suggest that if you have any questions or concerns, you contact your legal representatives.

Mr. Reddick has been a loyal and dedicated employee at Yale University for the last nineteen (19) years always performing his position in an above average manner. As the University is well aware, Mr. Reddick suffers from a serious health condition that has required the intermittent use of Family Medical Leave by Mr. Reddick over the last two years. Mr. Reddick has recently began to experience discrimination, harassment and retaliation by the University in regards to his health conditions and medical need to continue to utilize Family Medical Leave time.

Beginning in July of 2008 Mr. Reddick began to be faced with disparate and harassing behaviors by management on the basis that Mr. Reddick was acting also in the position of Union Steward. The Union was forced to correspond with Associate Dean, Mark Templeton notifying him of the hostile environment and requesting resolution. Thereafter, Mr. Reddick's health issues required that he occasionally utilize FMLA due to his serious health condition. Mr. Reddick began to be harassed and retaliated against for the use of FMLA. At the end of October 2009, Mr. Reddick was falsely accused by his Supervisor, McGuire of not having performed his position by inadequately cleaning the bathrooms in his assigned work area. Mr. Reddick however was not the individual responsible for those unperformed tasks as they were a direct assignment to be performed by the night shift. Mr. Reddick reported this issue directly to the Dean Post of the Yale University Law School. Management upon finding out that Mr. Reddick had reported directly to the Dean reprimanded Mr. Reddick for not following the chain of command and advised Mr. Reddick that there would be consequence to pay for his actions. Following that incident, Mr. Reddick's supervisor, Mr. McGraw began to discriminate, harass and retaliate against Mr. Reddick by reprimanding and counseling Mr. Reddick in regards to his attendance. During that meeting, Mr. McGraw openly discussed Mr.

Reddick's private and confidential health information in front of another employee. Mr. McGraw took action and disciplined Mr. Reddick for his attendance even though Mr. McGraw is well aware that that Mr. Reddick suffers from health complications that have qualified him for the use of intermittent Family Medical Leave time. Since that time, Human Resources has begun to contact Mr. Reddick advising him that he no longer has Family Medical Leave time available to him. Mr. Reddick on November 24, 2009 submitted a complaint letter of the harassment and retaliation against him due to his health conditions and medically required use of Family Medical Leave time from the workplace.

Mr. Reddick is an individual with a disability. That disability has necessitated the valid use of intermittent Family Medical Leave time. Mr. Reddick has routinely and consistently performed the essential functions of his position in a superior manner and would like to continue to do so. Please note that Mr. Reddick is an individual that is also covered under the provisions of the American's with Disability Act and an individual who qualifies for accommodation, if necessary. As you are aware, Mr. Reddick further suffered from health complications on the job last week and had to be taken to the hospital by ambulance. Mr. Reddick's health conditions are directly exacerbated by severe stress. It is obvious that Mr. Reddick is currently enduring that type of stress on the job.

Mr. Reddick is an individual who enjoys his job, takes pride in his job and is a committed and loyal employee. Mr. Reddick would like to continue his employment at Yale University performing his position in an environment that is free of harassment and retaliation towards his person. We ask that you please immediately look into and investigate these issues as they pertain to Mr. Reddick at your earliest convenience. We further request that you please forward to our office:

1) A complete copy of Mr. Reddicks personnel and medical records (release attached);
2) A complete copy of Mr. Reddick's attendance records and use of FMLA time during the last two years;
3) A complete copy of the Universities policies and procedures that outline the provisions of FMLA, ADA, Disability Leave, Personal Leave, or any other policies or procedures that relate to health or leave time options available to employees.

Mr. Reddick would like to resolve these issues as amicably and as quickly as possible. We ask that you please respond to our office to discuss this matter at your earliest convenience.

Sincerely yours,

Eugene N. Axelrod, Esq.